IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                             No. CR 95-438 JP

ROBERT GONZALES,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

      The subject of this Memorandum Opinion and Order is defendant Robert Gonzales' "Motion for Return of Eagle" (Doc. No. 92) filed June 27, 1997 and fully briefed on September 30, 1997. After thoroughly considering the pleadings, law, and facts, I conclude that the motion should be denied.

Background

      By Memorandum Opinion and Order filed January 31, 1997 I dismissed the Information against Mr. Gonzales that charged him with violating the Endangered Species Act, 16 U.S.C. §§ 1538 and 1540, the Bald and Golden Eagle Protection Act, 16 U.S.C. § 668(a), the Migratory Bird Treaty Act, 16 U.S.C. § 707(a), and 50 C.F.R. §§ 10.13, 17.11, and 21.11. United States v. Gonzales, 957 F.Supp. 1225 (D.N.M. 1997). The charges were brought as a result of events that transpired on February 7, 1995 when Mr. Gonzales, a member of the San Ildefonso Pueblo, shot and killed a bald eagle for use in an upcoming religious ceremony within the Pueblo. I dismissed the Information, finding that 50 C.F.R. §§ 22.22(a)(4) & (6) violated the Religious Freedom Restoration Act, 42 U.S.C. §§ 2000bb - 2000bb-4. Mr. Gonzales now seeks an Order requiring the United States to turn over to him the eagle he shot on February 7, 1995. He does not make his motion under the Federal

Rules of Criminal Procedure but, instead, "requests that this Court invoke its equitable jurisdiction ...." Defendant's Reply Brief (Doc. No. 96), at p.1.

Analysis

Rule 41(e) provides that "a person who is aggrieved ... by the deprivation of property may move ... for the return of the property on the ground that such person is entitled to lawful possession of the property." Fed. R. Crim. P. 41(e).[1] A Rule 41(e) motion made after a criminal case has concluded is treated as a civil action based on equitable principles. United States v. Madden, 95 F.3d 38, 40 (10th Cir. 1996). How Mr. Gonzales characterizes his motion is not important as "[t]he circuits that have considered the issue have generally concluded that a motion for return of property, whether based on Rule 41(e) or a court's general equitable jurisdiction, is governed by equitable principles." Floyd v. United States, 860 F.2d 999, 1002-03 (10th Cir. 1988). The standard that I am to apply is whether Mr. Gonzales has shown a lack of an adequate remedy at law or whether he has demonstrated irreparable injury absent an Order for the return of the property. Id. at 1002-03.

Without reaching the issue of whether Mr. Gonzales has an adequate remedy at law, I conclude that he has not demonstrated irreparable harm. After shooting the eagle, Mr. Gonzales abandoned the bird because he heard voices in the area of the shooting that he did not recognize. Defendant's Brief in Support of Motion to Dismiss (Number One) (Doc. No. 10), at p. 1-2. The eagle was later recovered by law enforcement officers at the spot where it was killed. Id. at p. 2. I fail to see how Mr. Gonzales will suffer irreparable injury if I do not order the United States to turn

---

[1] Rule 41(e) also provides that "[t]he court shall receive evidence on any issue of fact necessary to the decision of the motion." I did not hold a hearing on Mr. Gonzales' motion because I based my decision to deny the motion on Mr. Gonzales' version of the facts. In addition, during the pendency of Mr. Gonzales' criminal case, I held numerous hearings at which I received, in addition to other evidence, testimony relating to the significance of the eagle to Mr. Gonzales' religious practices and the events surrounding Mr. Gonzales' killing of this eagle.

over to him an eagle he abandoned by the banks of the Rio Grande.

Even though Mr. Gonzales claims that he is not bringing his motion under Rule 41(e), I am also persuaded by the plain language of that rule that his motion should be denied. I cannot return the eagle to Mr. Gonzales unless I determine that it was his in the first place. While Mr. Gonzales did shoot and kill the eagle, he never physically possessed the bird. Instead, when he heard voices he did not recognize he left the area without having touched the eagle. Id. at p. 1-2. Two individuals who happened to be canoeing that day heard the gunshot, saw the eagle fall, and saw Mr. Gonzales leave the area in a pickup truck. Id. at p.2. The canoeists contacted law enforcement who then located and retrieved the dead eagle from the spot where Mr. Gonzales had shot it. Id. Law enforcement officers were the first to touch the eagle after its death.

As the time-honored case of Pierson v. Post, 3 Cai. R. 174 (N.Y. Sup. Ct. 1805), teaches, possession of a wild animal entails physically controlling the animal. Pierson suggests that physical control and, thus, possession may be had by one who mortally wounds a wild animal. That suggestion comes with an important caveat: in order to obtain possession, the person who kills the animal must not "abandon[] his pursuit." Id. at 178. Because Mr. Gonzales abandoned his pursuit of the eagle immediately after he killed it, he did not acquire possession of the bird. Thus, he was never deprived of any property that could be "returned" to him.

IT IS THEREFORE ORDERED that defendant's motion is DENIED.

*James A. Parker*
UNITED STATES DISTRICT JUDGE